UNITED STATES v. BERST.

SAME v. SUSSFELD, LORSCH & CO.

(Circuit Court, S. D. New York. November 15, 1909.)

Nos. 5,480, 5,481.

CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—"PHOTOGRAPHS"—CINEMATOGRAPH FILMS.
    Cinematograph films are "photographs," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).
    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*
    For other definitions, see Words and Phrases, vol. 6, p. 5373.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below is reported as G. A. 6,889 (T. D. 29,643).

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Thomas J. Doherty, Asst. Counsel, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for Berst.

Curie, Smith & Maxwell, for Sussfeld, Lorsch & Co.

PLATT, District Judge. The merchandise in dispute is cinematograph films, and was assessed for duty under paragraph 17, tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628]), as "manufactures of which collodion or

any compound of pyroxylin is the component material of chief value." The Board found the merchandise to be either "photographs," under paragraph 403, or "photographic * * * films," under paragraph 458; it being unnecessary to differentiate, because the rate of duty is the same in each paragraph.

I concur in the final conclusion of the Board, and should say nothing if it were not possible that an affirmance without opinion might lead some one to think that the wrench upon me in concurring was as severe as the one which evidently shook them when they turned, as they did in this case, away from a long-established course of procedure on similar merchandise. I do not understand how the courts could be expected with one breath to permit such articles to be copyrighted as photographs, when with another breath they had compelled the owner to pay a duty upon them as something else. Neither do I see how the size, shape, and general appearance to the eye is material. Very much of the merchandise imported as photographs to-day differs widely in these respects from the articles known in trade and common speech as "photographs" when the act was passed.

The Forbes Lithographing Case, 132 U. S. 655, 10 Sup. Ct. 180, 33 L. Ed. 453, has no bearing on this issue. Letters on a tin sign did not make the merchandise printed matter, because in order to print one must have a yieldy substance to print upon. Printing is almost synonymous with impressing, and it is an impossibility to press into any substance that is inherently unable to submit thereto.

It certainly makes no difference whether a large number of photographs are brought in upon a continuous strip, or are cut from the strip and brought in separately. I think the merchandise in dispute is beyond peradventure photographs, under paragraph 403. About films I am not so sure; but it is an academic matter, and of no importance.

With the foregoing emphasis, the decision of the Board is affirmed.